## Jerome S. West, Plff. in Err., *v.* Thomas Herrod et Ux.

Where real estate subject to a right of way at an annual rental is devised, and mortgaged by the devisee, the purchaser at sheriff's sale on the mortgage will take the land subject to the right of way, but will be entitled to the accruing rents.

(Decided January 4, 1886.)

Error to the Court of Common Pleas, No. 1, of Allegheny County to review a judgment entered *non obstante veredicto.* Affirmed.

This was an action to recover the annual rental or purchase money of a right of way over a certain tract of land in Mifflin township, Allegheny county. The right of way was granted by Nancy West to Matthew Henning and William Redman by a lease in writing, dated July 20, 1864, acknowledged and recorded. The annual rental reserved was $300.

[1]Cited in De Roy v. Richards, 8 Pa. Super. Ct. 119–129, 42 W. N. C. 499, 29 Pittsb. L. J. N. S. 78.

On December 26, 1867, Nancy West made a last will and testament, which was probated on May 12, 1868, in which she devised to Jerome S. West all her real and personal property, of whatsoever kind, and all yearly incomes that were coming to testator, by lease or otherwise.

On January 30, 1872, J. S. West gave a mortgage to Mrs. Diannah Herrod to secure the payment of $8,000, and, in addition, assigned the annual payments for said right of way to meet the interest on the mortgage. Subsequently, the mortgage became due, and a scire facias was issued, upon which judgment was entered. A levari facias was issued, and the property was sold at sheriff's sale to Campbell, who failed to pay, and the property was resold to the plaintiff.

The defendant below, West, had collected rents for the right of way, and this suit was brought to recover them. The plaintiff claimed that the right of way belonged to him by virtue of the purchase under the mortgage, and that the rents were, therefore, payable to him. On the other hand, the defendant insisted that the devise to him of the real property of Nancy West was subject to the right of way, at the time the devise became effective; that the mortgage did not cover the right of way, it having been carved out of the estate before the devise was made, and, consequently, had passed out of the estate before the property came into possession of the plaintiff, and, therefore, did not pass with the sale.

A verdict for $450 was rendered, subject to a reserved point of law. Judgment was subsequently entered for the defendant *non abstante veredicto.*

*John R. Large* for plaintiff in error.

*W. A. Boothe* and *James H. Porte* for defendants in error.

PER CURIAM:

The court committed no error in entering judgment *non obstante veredicto* on the question of law reserved. The sale on the mortgage transferred the land to the purchaser subject to the lease; but he became entitled to the rents which accrued after his purchase. The liability of the tenant to pay rent continued; but the right to receive it was transferred from his former landlord, to the purchaser at sheriff's sale.

Judgment affirmed.